**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| CONSUELO SANGUINO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 07-4057-MWB<br>(No. CR 06-4026-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Plea, Sentence, and Appeal* . . . . . . . . . . . . . . . . . . . . 2
    *B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 3
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 7
        *1.    Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . 7
        *2.    Failure To Object To Pre-Sentence Investigation Report* . . . . . 9
        *3.    Failure To Investigate* . . . . . . . . . . . . . . . . . . . . . . . . 10
        *4.    Failure To Object To Enhancements* . . . . . . . . . . . . . . . 11
        *5.    Failure To File Appeal* . . . . . . . . . . . . . . . . . . . . . . . 12
        *6.    Failure To Object To Dishonoring Of Plea Agreement* . . . . . 13
    *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION

This matter comes before the court pursuant to Petitioner Consuelo Sanguino's *pro se* Motion Under 28 U.S. C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on July 24, 2007. Sanguino claims that her trial counsel provided her with ineffective assistance of counsel in various ways. The prosecution denies that Sanguino is entitled to any relief on her claims.

### A. *Charges, Plea, Sentence, and Appeal*

On March 22, 2006, Sanguino was charged, by a one-count indictment (CR06-4026, docket no. 2), with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Sanguino appeared before Chief United States Magistrate Judge Paul A Zoss on March 30, 2006 and pled not guilty to the charge. *See* CR06-4026, docket no. 5. On June 15, 2006, Sanguino appeared before Judge Zoss for a change of plea hearing and entered her plea of guilty to the charge. *See* CR06-4026, docket no. 16. Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (CR06-4026, docket no. 19), on June 15, 2006. By Order (CR06-4026, docket no. 20), of July 7, 2006, the undersigned accepted the Report and Recommendation, thereby accepting Sanguino's plea of guilty. Sanguino appeared before the undersigned and was sentenced on August 11, 2006. *See* CR06-4026, docket no. 25. Sanguino was sentenced to 135 months imprisonment. *See* CR06-4026, docket no. 26. On July 2, 2007, Sanguino filed a *pro se* Notice of Appeal to the Eighth Circuit Court of Appeals (CR06-4026, docket no. 29). By Order (CR06-4026, docket no. 33), of July 31, 2007, Sanguino's Appeal was dismissed as untimely.

### B. Section 2255 Motion

On July 24, 2007, Sanguino filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion"). Sanguino claims that her trial counsel provided her with ineffective assistance of counsel in various ways. The prosecution denies that Sanguino is entitled to any relief on her claims. The prosecution filed a Response (docket no. 6) on October 18, 2007.

## II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Sanguino's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is othiswise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that her sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is othiswise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant

to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to her actual and substantial disadvantage, infecting her entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must

4

show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Sanguino's claims for § 2255 relief.

### B. Preliminary Matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted

5

by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Sanguino's allegations, if accepted as true, would not entitle her to relief because she can demonstrate no prejudice and further that Sanguino's allegations cannot be accepted as true because they are contradicted by the record.

Some of Sanguino's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Sanguino can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Sanguino's claims for § 2255 relief.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for her defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Sanguino is entitled to relief on her § 2255 motion turns on whether or not she can satisfy the standards applicable to her "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced her defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)

7

(quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that her counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that her counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that her 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that her counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-*

8

*Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

## 2. *Failure To Object To Pre-Sentence Investigation Report*

Sanguino claims that her trial counsel failed to object to several incorrect statements in the Pre-Sentence Investigation Report ("PSIR"). (Motion at 5). Sanguino does not state what items in the PSIR were incorrect and should have been objected to. The prosecution argues that Sanguino's attorney has provided an affidavit stating that he discussed all elements of the PSIR with her client and objected to the items that she requested. (Response, Ex. 1, p.3).

Sanguino's allegations, without more, are contrary to the record and therefore do not establish that her counsel's performance was deficient. *See United States v. Hollow*, 747 F.3d 481, 483 (8th Cir. 1984). Her trial counsel states, via affidavit, that he made the objections requested by Sanguino. (Response, Ex.1, p.3). Further, the attachments to the PSIR indicate that Sanguino's counsel did make objections to information in the report that were rejected by the probation officer. *See* CR06-4026, docket no. 27. Even

9

if she could show that her counsel failed to object to items as requested, in the PS I R, Sanguino has not shown that she was prejudiced by such failure. Sanguino cannot show how the PSIR would have been different because there was sufficient evidence to support the PSIR's findings. *See Lindsey v. United States*, 310 F.3d 606, 608 (8th Cir. 2002); *see also Garrett v. United States*, 78 F.3d 1296(8th Cir. 1996); *Patterson v. United States*, 133 F.3d 645,648 (8th Cir. 1998).

Because Sanguino cannot establish that her trial counsel was deficient or that she was prejudiced, Sanguino's claim of ineffective assistance for failure to object to the PSIR, will fail.

### 3. *Failure To Investigate*

Sanguino claims that her trial counsel provided her with ineffective assistance by failing to adequately investigate her case and by failing to talk to witnesses. (Mem. in Support at 6). The prosecution argues that trial counsel states that he did adequately investigate the case and further states that Sanguino has not provided any evidence to rebut this statement by trial counsel. (Response at 7-8).

Failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel. *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). However, a petitioner would still be required to "make a substantial showing that, but for counsel's failure to interview…the witness in question, there is a reasonable probability that the result…would be different." *Id*. Sanguino has not met this showing because she has not provided any independent evidence to the court as to who any alleged witnesses were and what they would have testified to if they had been interviewed by counsel. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989)(holding that appellant who filed a 2255 motion but produced no affidavit from the witness in question or any other independent support for her claim failed

to show prejudice because she offered only speculation that she was prejudiced by her counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial). Courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). Because Sanguino cannot establish prejudice, her claim cannot succeed on this ground.

### 4. *Failure To Object To Enhancements*

Sanguino asserts that her trial counsel was ineffective for failing to object to the consideration of a prior conviction, her role in the offense, and relevant conduct (what Sanguino refers to as "enhancements") when the facts related thereto were not found by a jury. (Motion at 6). The prosecution claims that because the sentence received by Sanguino in this matter did not exceed the statutory maximum, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), upon which Sanguino appears to rely, does not apply.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Sanguino received a sentence of 135 months, while the statotory maximum was 40 years. Because Sanguino's sentence did not exceed the statutory maximum, *Apprendi* does not apply.

Because the court can discern no reasonable basis for an objection by trial counsel with regard to these items, Sanguino cannot establish that her trial counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Sanguino's claim for ineffective assistance of counsel based on her trial attorney's failure

to object to consideration of the above information as a violation of *Apprendi*, will, therefore, fail.

### 5. *Failure To File Appeal*

Sanguino argues that her trial counsel failed to file a Notice of Appeal, as requested, and thereby provided ineffective assistance of counsel. (Motion at 4). The prosecution has attached an affidavit from trial counsel indicating that trial counsel did discuss appeal options with Sanguino after her sentencing hearing and that he did not at any time receive a request to file an appeal on Sanguino's behalf. (Response at 10).

"Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). However, a "bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger v. United States*, 204 F.3d 11890, 1181-82 (8th Cir. 2000)). Here, Sanguino offers a bare assertion that she asked her counsel to file an appeal, but her counsel has proffered conflicting testimony in his affidavit. Sanguino offers no evidence to support her claim other than her self-serving testimony and, therefore, the undersigned finds that the statement of Sanguino's counsel is more credible and Sanguino's claim must fail because her counsel's performance was not deficient. *See Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### *6.    Failure To Object To Dishonoring Of Plea Agreement*

Saguino claims that her attorney was ineffective for failing to object to the fact that the prosecution failed to honor a plea agreement. (Motion at 4). Saguino claims that her attorney told her that she was accepting a plea agreement that would result in a sentence of five years, but that, at sentencing, she was sentenced to 135 months. (Motion at 4). The prosecution addresses the issue by stating that there was never a written plea agreement in this case. (Response 8).

Before this court can determine whether or not Sanguino's trial counsel provided ineffective assistance of counsel by failing to object to the prosecution's alleged breach of a plea agreement, the court must first find that the plea agreement did, in fact, exist and was breached. When a guilty plea is induced by an agreement, the government must abide by its terms. *United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir, 2009)(citing *United States v. E.V.*, 500 F3d 747, 754 (8th Cir. 2007) (holding that the government breached the plea agreement by arguing that U.S.S.G. § 2D1.1(b) applied when the agreement stated the opposite)); *United States v. Mosley*, 505 F.3d 804, 808-09 (8th Cir. 2007) (finding a breach when the government cited defendant's pre-plea statements when refusing to abide by the plea agreement); *United States v. Granados*, 168 F.3d 343, 345-46 (8th Cir. 1999) (*per curiam*) (when the plea agreement identified a drug quantity for sentencing, the government breached the agreement by not objecting to the higher quantity in the PSR). Plea agreements are contractual in nature and should be interpreted according to general contract principles. *United States v. Leach*, 562 F.3d 930, 935 (8th Cir. 2009) (citing *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007)). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. Plea agreements are contracts that must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). The party asserting the breach has the burden of

establishing a breach. *Leach*, 562 F.3d at 935 (citing *United States v. Smith*, 429 F.3d 620, 630 (6th Cir. 2005)). Here the court is not convinced that there was any plea agreement in existence. There was no written plea agreement and both the prosecution and Sanguino's attorney state that there was never any plea agreement. The record indicates that during her plea hearing, prior to pleading guilty, Sanguino was advised that there was no plea agreement and was informed that her sentence could fall within a range that exceeded five years. *See* CR 06-4026, docket no. 19. Under these circumstances, this court cannot find that the prosecution breached any plea agreement with Sanguino.

Because this court determines that the prosecution did not breach any plea agreement in this case, Sanguino cannot establish that her trial counsel was deficient for failing to object to the prosecution's failure to comply with any plea agreement. Her counsel's conduct did not fall "below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Sanguino's claim for ineffective assistance of counsel, on these grounds, will fail.

### D. Certificate Of Appealability

Denial of Sanguino's § 2255 Motion raises the question of whether or not she should be issued a certificate of appealability for her claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Sanguino has not made a substantial showing of the denial of a constitutional right on her § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Sanguino's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Sanguino

does not make the requisite showing to satisfy § 2253(c) on her claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Sanguino's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 8th day of September, 2009.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA